**MILLER BARONDESS** LLP
BEN HERBERT, CA#277356
   bherbert@millerbarondess.com
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: 310.552.4400

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
LAWRENCE R. LAPORTE, CA#130003
   Lawrence.LaPorte@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs
HYPER ICE, INC. and
HYPERICE IP SUBCO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation, and HYPERICE IP SUBCO, LLC, a Delaware limited liability company, <br><br>        Plaintiffs, <br><br>   vs. <br><br> MERCHSOURCE, LLC, <br><br>        Defendant. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Trial Date:     None Set |

1.      Plaintiffs Hyper Ice, Inc. and Hyperice IP Subcso, LLC ("Plaintiffs" or collectively "Hyperice") allege as follows for this Complaint for Patent Infringement ("Complaint") against defendant MerchSource, LLC. ("Defendant" or "Sharper Image"):

## THE PARTIES

2.      Hyper Ice, Inc. is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

3.      Plaintiff Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware.

4.      Hyperice is informed and believes, and based thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine, CA 92618.

5.      On information and belief, either itself or through its subsidiaries, parents, or other related companies, Defendant sells infringing products, via Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Hyperice against Defendant for Defendant's infringement of U.S. Patent No. 11,857,482 ("the '482 Patent") and U.S. Patent No. D956,253 ("the D'253 Patent").

7.      This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8.      This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic

1

1 contacts with the State of California and this District. On information and belief,
2 Defendant: (1) intentionally markets and sells its infringing products to residents of
3 this State; (2) enjoys substantial income from this State; and (3) maintains its principal
4 place of business in this State.

5     9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28
6 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this
7 District and has a regular and established place of business in this District.

8 **GENERAL ALLEGATIONS**

9     10.    The '482 Patent is entitled "Massage Device Having Variable Stroke
10 Length" and issued on January 2, 2024, claiming priority to Application No.
11 14/317,573, filed on June 27, 2014, and Provisional Application No. 61/841,693, filed
12 on July 1, 2013. A true and correct copy of the '482 Patent is attached hereto as
13 Exhibit 1.

14     11.    Philip C. Danby and John Charles Danby are the named inventors of the
15 inventions disclosed in the '482 Patent. Hyperice IP Subco, LLC, a wholly owned
16 subsidiary of Hyper Ice, Inc., is the owner of the '482 Patent. Hyper Ice, Inc. is a
17 licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense,
18 enforce, and defend the '482 Patent.

19     12.    This action arises out of Defendant's direct infringement of the '482
20 Patent.

21     13.    Since at least 2018, Hyperice has developed, arranged for the
22 manufacture of, offered for sale, and sold the Hypervolt line of battery-powered
23 percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and
24 Hypervolt 2 Pro, all of which are covered by one or more claims of the '482 Patent.

25     14.    Defendant offers for sale and/or sells products that infringe the '482
26 Patent, including but not limited to the Powerboost, Powerboost Deep Tissue,
27 Powerboost Flex Pivot, Powerboost Pro+ Hot & Cold, Powerboost Palm, and
28 Powerboost Move percussion massagers. Claim charts for all of these products are

1  attached hereto as Exhibits 2-7.

2      15.    Robert Marton and Anthony Katz are the named inventors of the

3  inventions disclosed in the D'253 Patent. Hyperice IP Subco, LLC, a wholly owned

4  subsidiary of Hyper Ice, Inc., is the owner of the D'253 Patent. Hyper Ice, Inc. is a

5  licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense,

6  enforce, and defend the D'253 Patent. A true and correct copy of the D'253 Patent is

7  attached hereto as Exhibit 8.

8      16.    This action arises out of Defendant's direct infringement of the D'253

9  Patent.

10     17.    Since at least 2018, Hyperice has developed, arranged for the

11  manufacture of, offered for sale, and sold the Hypervolt line of battery-powered

12  percussive massage devices, including but not limited to the Hypervolt 2 and

13  Hypervolt 2 Pro, which are covered by the D'253 Patent.

14     18.    Defendant offers for sale and/or sells products that infringe the D'253

15  Patent, including but not limited to the Sharper Image Powerboost Deep Tissue

16  Percussion Massager. A claim chart is attached hereto as Exhibit 9.

17     19.    By no later than January 16, 2024, Defendant knew of the '482 Patent

18  and the D'253 Patent and knew, or acted with willful, intentional, and conscious

19  disregard of the objectively high likelihood, that its conduct constitutes infringement

20  of the '482 Patent and the D'253 Patent.  For example, on January 16, 2024, Hyperice

21  filed suit in the United States District Court for the District of Delaware, alleging

22  infringement of the '482 Patent and the D'253 Patent.   *Hyper Ice, Inc. v.*

23  *MerchSource, LLC*, Case No. 1:24-cv-00056.  Prior to filing this suit, moreover,

24  Hyperice sent Defendant via email the claim charts attached hereto.

25              **COUNT 1 – PATENT INFRINGEMENT**

26     20.    Hyperice incorporates by reference the allegations in Paragraphs 1-19

27  above.

28

21.    Defendant has infringed and continues to infringe the '482 Patent under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers for sale and/or sells the infringing products at issue in this case.

22.    Defendant infringes at least Claim 1 of the '482 Patent. Defendant offers for sale and/or sells infringing products, which are battery-powered percussive massagers that include the following claim limitations, either literally or under the doctrine of equivalents:

  a. a housing;

  b. a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;

  c. a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;

  d. a drive mechanism that controls a predetermined stroke length of the piston; and

  e. a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

23.    Defendant's infringement of the '482 Patent has caused, and will continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Hyperice is also entitled to recover prejudgment interest, post-judgment interest, and costs.

24.    As a result of Defendant's infringement of the '482 Patent, Hyperice has suffered irreparable harm and impairment of the value of its patent rights, and Hyperice will continue to suffer irreparable harm and impairment of the value of its

1  patent rights, unless and until Defendant is permanently enjoined by this Court from
2  infringing the '482 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy
3  at law and is entitled to a permanent injunction against Defendant.

4      25.    Defendant's infringement of the '482 Patent has been and continues to
5  be willful.  As noted above, Defendant has had knowledge of the '482 Patent and
6  knew, or acted with willful, intentional, and conscious disregard of the objectively
7  high likelihood, that its conduct constitutes infringement of the '482 Patent.
8  Nevertheless, Defendant continues to infringe the '482 Patent—wanton, malicious,
9  and egregious conduct that constitutes willful infringement under 35 U.S.C. §284,
10 entitling Hyperice to enhanced damages.

11 ## COUNT 2 – PATENT INFRINGEMENT

12     26.    Hyperice incorporates by reference the allegations in Paragraphs 1-25
13 above.

14     27.    Defendant has infringed and continues to infringe the D'253 Patent
15 under the Patent Laws of the United States, 35 U.S.C §§ 271 *et seq*. Defendant offers
16 for sale and/or sells the infringing products at issue in this case.

17     28.    Defendant's infringement of the D'253 Patent has caused, and will
18 continue to cause, significant damage to Hyperice. As a result, Hyperice is entitled to
19 an award of damages adequate to compensate it for the infringement in an amount
20 that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284 and/or
21 Defendant's total profit pursuant to 35 U.S.C. §289. Hyperice is also entitled to
22 recover prejudgment interest, post-judgment interest, and costs.

23     29.    As a result of Defendant's infringement of the D'253 Patent, Hyperice
24 has suffered irreparable harm and impairment of the value of its patent rights, and
25 Hyperice will continue to suffer irreparable harm and impairment of the value of its
26 patent rights, unless and until Defendant is permanently enjoined by this Court from
27 infringing the D'253 Patent under 35 U.S.C. §283. Hyperice has no adequate remedy

28

1    at law and is entitled to a permanent injunction against Defendant.

2         30.    Defendant's infringement of the D'253 Patent has been and continues to
3    be willful.  As noted above, Defendant has had knowledge of the D'253 Patent and
4    knew, or acted with willful, intentional, and conscious disregard of the objectively
5    high likelihood, that its conduct constitutes infringement of the D'253 Patent.
6    Nevertheless, Defendant continues to infringe the D'253 Patent—wanton, malicious,
7    and egregious conduct that constitutes willful infringement under 35 U.S.C. §284,
8    entitling Hyperice to enhanced damages.

9                            **PRAYER FOR RELIEF**

10        WHEREFORE, Hyperice prays for the following relief:

11        1.    That this Court enter judgment of infringement of the '482 Patent and
12   the D'253 Patent in favor of Hyperice and against Defendant;

13        2.    That Defendant has willfully infringed the '482 Patent and the D'253
14   Patent;

15        3.    That this Court enter a permanent injunction against Defendant from
16   infringing the '482 Patent and the D'253 Patent;

17        4.    That this Court award Hyperice compensatory damages for infringement
18   of the '482 Patent and the D'253 Patent, as well as interest thereon;

19        5.    That this Court award Hyperice its costs of suit;

20        6.    That this Court award Hyperice increased damages in an amount not less
21   than three times the damages assessed for Defendant's infringement of the '482 Patent
22   and the D'253 Patent, in accordance with 35 U.S.C. §284.

23        7.    That this Court declare this an exceptional case under 35 U.S.C. §285
24   and award Hyperice its attorneys' fees and any other costs incurred in connection with
25   this action;

26        8.    That this Court award Hyperice prejudgment and post-judgment interest;
27   and

28        9.    That this Court grant such further relief as the Court deems just and

1  proper.

2

3  DATED: February 27, 2024          **MILLER BARONDESS LLP**

4

5                                    By:   */s/ Ben Herbert*
                                          BEN HERBERT, CA#277356
6                                             bherbert@millerbarondess.com
                                          2121 Avenue of the Stars, 26th Floor
7                                         Los Angeles, CA 90067
                                          Telephone: 310.552.4400
8

9                                         **LEWIS BRISBOIS BISGAARD &**
                                          **SMITH LLP**
10                                        LAWRENCE R. LAPORTE, CA#130003
                                              Lawrence.LaPorte@lewisbrisbois.com
11                                        633 West 5th Street, Suite 4000
                                          Los Angeles, California 90071
12                                        Telephone: 213.250.1800
                                          Facsimile: 213.250.7900
13

14

15                                        Attorneys for Plaintiffs
                                          HYPER ICE, INC. and
16                                        HYPERICE IP SUBCO, LLC

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs HYPER ICE, INC. and HYPERICE IP SUBCO, LLC hereby demand a trial by jury of all issues triable by jury.

DATED: February 27, 2024           **MILLER BARONDESS LLP**


By:   _/s/ Ben Herbert_
          BEN HERBERT, CA#277356
            bherbert@millerbarondess.com
          2121 Avenue of the Stars, 26th Floor
          Los Angeles, CA 90067
          Telephone: 310.552.4400

          **LEWIS BRISBOIS BISGAARD &
          SMITH LLP**
          LAWRENCE R. LAPORTE, CA#130003
            Lawrence.LaPorte@lewisbrisbois.com
          633 West 5th Street, Suite 4000
          Los Angeles, California 90071
          Telephone: 213.250.1800
          Facsimile: 213.250.7900

          Attorneys for Plaintiffs
          HYPER ICE, INC. and
          HYPERICE IP SUBCO, LLC

COMPLAINT FOR PATENT INFRINGEMENT